**UNITED STATES of America,
Appellant,**

v.

**STATE OF MISSISSIPPI and Joe M. Stinson, Registrar, Walthall County, Mississippi, Appellees.**

**No. 22614.**

United States Court of Appeals
Fifth Circuit.

April 14, 1966.

Harold H. Greene, Atty., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Stephen Eilperin, Atty., Dept. of Justice, Washington, D. C., John Doar, Asst. Atty. Gen., David Rubin, Battle Rankin, Peter S. Smith, Attorneys, Department of Justice, Washington, D. C., for appellant.

William A. Allain, Asst. Atty. Gen., Jackson, Miss., Breed O. Mounger, Tylertown, Miss., Joe T. Patterson, Atty. Gen. of State of Mississippi, Will S.

Wells, Peter M. Stockett, Jr., Asst. Attys. Gen. of State of Mississippi, Jackson, Miss., for appellees.

Before GEWIN and THORNBERRY, Circuit Judges, and WEST, District Judge.

PER CURIAM.

This is a proceeding brought by the United States seeking to enjoin a Mississippi County registrar from engaging in racially discriminatory acts and practices which deprive Negro citizens of the right to register and vote without distinction as to race or color. This is the second appearance of this case in this Court. See United States v. State of Mississippi, 339 F.2d 679 (5 Cir., 1964). Since our former decision, the Voting Rights Act of 1965, 42 U.S.C.A. § 1973 et seq. has become law. In our former decision the case was reversed and remanded to the district court. This appeal ensued after the trial court entered an order following our reversal and remand. Again the United States appealed, contending that the district court did not follow the mandate of our former decision. Pending the appeal, the Supreme Court rendered its opinion in State of South Carolina v. Katzenbach, 86 S.Ct. 803 (March 7, 1966), holding valid and constitutional the pertinent provisions of the Voting Rights Act of 1965.

When the case was called for argument in this Court, counsel for appellant and appellees entered into the following written stipulation:

"STIPULATION

It is hereby stipulated and agreed to by the parties that the proposed decree contained in Appendix 'B' of appellant's brief be entered by this Court as the final decree in this case."

The stipulation is approved by this Court. See United States v. Clement et al. (5 Cir. 1966) 358 F.2d 89 (March 14, 1966). Accordingly, the order entered by the District Court is hereby vacated, the judgment is reversed, and the cause is remanded with directions to the District Court to enter the following final decree:

"FINAL DECREE

█ I. This Court finds that the original defendant, John O. Wood, has engaged in acts and practices which have deprived Negro citizens of Walthall County, Mississippi, of their rights, secured by 42 USCA § 1971 (a), to register to vote without distinction by reason of race, and that such deprivation has been pursuant to a pattern or practice of discrimination against Negro Citizens in the registration processes in Walthall County, Mississippi.

█ II. It is ordered, adjudged and decreed by the Court that the Defendant State of Mississippi and the Defendant Joe M. Stinson, Registrar of Voters of Walthall County, Mississippi, their agents, officers, employees and successors in office be and each is hereby enjoined from engaging in any act or practice which involves or results in distinctions based on race or color between Negro citizens and other citizens in the registration for voting process in Walthall County, Mississippi.

III. It is further ordered, adjudged, and decreed by the Court that the Defendant State of Mississippi and the Defendant Joe M. Stinson, Registrar of Voters of Walthall County, Mississippi, their agents, officers, employees and successors in office be and each is hereby enjoined, for a period of five years after the entry of any final judgment of any court of the United States determining that denials or abridgments of the right to vote on account of race or color through the use of any 'test or device' as defined in section 4(c) of the Voting Rights Act of 1965, Pub.Law 89–110, 89th Cong., 79 Stat. 437, 438–439, have occurred anywhere within the State of Mississippi, and in any event until the United States District Court for the District of Columbia has determined that no such test or device has been

used during the five years preceding the filing of the action for the purpose of denying or abridging the right to vote on account of race or color, from (a) requiring any applicant for voter registration in Walthall County, as a precondition to such registration, to take or pass any test of literacy, knowledge, or understanding or to comply with any other test or device as defined in Section 4(c) of the Voting Rights Act of 1965, Pub.Law 89–110, 79 Stat. 438–439, *i. e.*, any requirement that he (1) demonstrate the ability to read, write, understand, or interpret any matter, (2) demonstrate any educational achievement or his knowledge of any particular subject, (3) possess good moral character, or (4) prove his qualifications by the voucher of registered voters or the members of any other class, or (b) rejecting any applicant for voter registration in Walthall County for failure to comply with any such requirement.

IV. It is further ordered, adjudged, and decreed by the Court that for the period specified in paragraph III, except to the extent that the State of Mississippi has obtained a declaratory judgment under Section 5 of the Voting Rights Act, 79 Stat. 439, that a qualification, prerequisite, standard, practice or procedure enacted subsequent to November 1, 1964 does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color, or has submitted such qualification, prerequisite, standard, practice or procedure to the Attorney General of the United States and the Attorney General has not interposed an objection within sixty days after such submission, the Defendant State of Mississippi and the Defendant Joe M. Stinson, Registrar of voters of Walthall County, Mississippi, their agents, officers, employees, and successors in office are enjoined from determining the qualifications of citizens in Walthall County, Mississippi, in any manner or by any procedure different from or more stringent than the following:

(a) He is a citizen and is or will be 21 years of age or older at the time of the next election;

(b) He, at the time of the next election, has or will have resided in the State two years and in the election district in which he intends to vote one year;

(c) He is not disqualified by reason of conviction of a disqualifying crime, insanity or idiocy;

V. It is further ordered that defendant Joe M. Stinson, his agents, employees, and successors, in conducting registration of voters in Walthall County, Mississippi, are enjoined and ordered to:

(a) Afford each applicant for registration an opportunity to apply and complete the application form whether either the registrar or deputy registrar is present.

(b) Advise each applicant, when he or she applies, whether the applicant is accepted or rejected; if accepted, the applicant must be registered at that time; if rejected, the applicant must be informed of the reason or reasons for his rejection and must be advised of his right to apply directly to this Court to be registered as provided in paragraph VI hereof.

(c) Receive and process each applicant as expeditiously as possible to the extent that the physical facilities of the registration office permit but in no case less than three applicants at one time and in no case refuse to process fewer than three applicants at one time, and take all reasonable steps to insure that, whenever possible, each applicant is processed on the day he appears for registration. The office of the registrar shall be open during the office hours observed by defendant Stinson in his capacity as the clerk of the courts of Walthall County for regis-

tration from Monday through Friday of each week except on holidays.

VI. Any applicant for registration hereafter rejected or not given the opportunity to apply by the defendant Stinson, his agents, employees, or successors, may in accordance with 42 U.S.C. 1971(e) apply to this Court, or to a voting referee to be appointed by and in the discretion of this Court no more than 20 days after receipt by the Court of the first application, to have his qualifications determined. The Court or such referee shall register all such applicants who meet the standards established in this order.

VII. It is further ordered that the defendant Stinson, his agents, employees, and successors in office shall file a written report with the clerk of this Court and shall mail a copy thereof to the Plaintiff's attorneys on or before the fifth day of each month. Said reports shall contain the name and race of each applicant for registration from the previous monthly period, the date of the application, the action taken on the application, and if the applicant is rejected, the specific reason or reasons for rejecting the application. The first of such reports shall be submitted on the fifth day of the month following the date of this order and shall cover and include the aforementioned information for the period from the date of the last application form, presented at the trial of this case on April 10, 1963, through the month immediately preceding the issuance of the first report: Provided, however, that defendant Stinson shall be allowed twenty days from the date hereof to file the first report in the event twenty days would not be available otherwise under the provisions of this paragraph.

VIII. The defendant Stinson, his deputies, agents, and successors in office shall, until further order of this Court, make the registration records of Walthall County, Mississippi, available to attorneys or agents of the United States at any and all reasonable times in the circuit clerk's office in Tylertown for the purpose of inspection, copying, and photographing.

IX. Jurisdiction is retained of this cause for all purposes and especially for the purpose of issuing any and all additional orders as may become necessary or appropriate for the purposes of modifying and/or enforcing this order.

X. Costs in this Court are awarded to plaintiff."

Since time for voter qualification may be crucial in an election year, the mandate shall issue forthwith.

Reversed and remanded with directions.